Samuel Timson by his Will devises the Premises in Question to his son John and if he died within age or without Issue Rem’r over.
John entered lived to be 21 and by his Will devised to William Timson and died without Issue.
William died without Issue in 1720, 23 years old Lessor [sic] is his Heir
The Questions are 1. Whether John had an Estate tail or Contingent Fee. 2. Whether Pit. barred by Act of Limitation
The Testator certainly intended an Estate in Fee on Contingency of living to be 21. or having Issue.
If it be construed an Estate Tail as that Estate would be determinable on the Death of Devisee before 21. It will follow that if he had died before 21 and left Issue That Issue would be disinherited which the Testator could never intend.
The Word Issue in a Will is not always a Word of Limitation. It is sometimes and often taken as a Word of Purchase as Designatio persones. Here it was only made Use of to shew where the Testator [80] intended the Estate given to John should determine viz. if he died under age or without Issue then the Estate was to go over The dying without Issue here are Words of Determination.
Fitzg. 20. 21. and sometimes as Word of Determination.
If the Word (or) here can be taken for (and) it will be mighty clear Then it will run if he dye under age and without Issue *B86 In Price and Hunt Poll. 645. in a Devise of this Sort it was so taken Devise to his Son and his Heirs and if he dye before he •attain 21 or have Issue of his Body living Rem’r over the Son lived to 28 and dyed without Issue In a Dispute between the Heir of the Son and the Rem’r man it was adjudged for the Heir that the Son had a Fee subject to two contingencies Either of living till 21 or having Issue and one of the contingencies having happened the Rem’r could never take Place and there argued that the Word (or) must be taken for (and) as in Lowell and Gerrard’s Case there cited Cro. Eliz. 525. Mo: 422.» Devise to his Son and his Heirs and if he die within age or without Issue Rem’r over He died before 21 but left Issue And between the Rem’r man and Issue adjudged for the Issue as Heir of his Father and that (or) should be taken for (and)
By the Report of this Case in Croke it seems as if the Judges took it to be an Estate-tail and so is a Case against us But that does not appear in Moor and the Judgment does not prove it because if it was a Contingent Fee the Deft, had Title as 'Heir to his Father the Devisee as well as if it was an Intail.
Tilly & Collier 2 Lev. 162. Devise to daugh’r and if she die without Heir before 21. to another daugh’r sayed to be an Estate tail Sed 2 vid. Cases cited there in Margin,
Then this Case is Old & Several Resolutions since contrary to it. Hanbury and Cockerel 3 Danv. 179. 4. Devise to his two Sons in Fee provided if either die before marriage or before 21. and without Issue Rem’r to Survivor Adjudged no Estate tail but a Fee on Contingency
Hall & Deering Hard. 148. Before 21 and Without Heirs of his Body agreed to be a Fee but no Judgment.
Collenson & Wright 1 Sid. 148. Before 21 and without Issue adjudged a Fee Contingent.
Sommers & Gibbon Skinner 144. Devise to his Son and his Heirs and if he die without Issue unmarried to his Daughter a Fee in the Son
In all these Cases the Words dying without Issue are not taken as Words of Limitation but as Words of Contingency or Determination to shew where the Estate first given should determine and the other commence viz. If he happen to die not having Issue And in Consequence if he happen to have Issue the Contingency falls and the first Devisee has a Fee and the Rem’r can never take Place.
For the Pit. Lee Randolph Robinson Blair
For the Deft. Lightfoot Tayloe Custis Grymes Carter Digges Byrd and the Governor
[81] These Cases are the same with Lowell and Gerrard only the Word (and) is here instead of (or). But (or) in that Case was construed to be (and) as well as in Price and Hunt and so the Reason that governed the Cases the same
Burgis and Hack in this Court April 1736. Devise to his Son and Daughter and their Heirs and in Case of the Mortality of either before 21 or Day of Marriage of the Daughter or without Issue the Whole to the Survivor And if both die before 21 or without Issue Then to the Testator’s Right Heirs adjudged a Fee Contingent. In the principal Case this was adjudged an Estate tail upon the Authority of Lowell and Gerrard having been so adjudged above 20 years ago in this Court.
B. The Pit. was certainly barred by by the Act of Lim. tho the Court gave no Judgment on that Point.